Robert M. Waxman (SBN 89754)
  rwaxman@ecjlaw.com
Banu S. Naraghi (SBN 312754)
  bnaraghi@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for Plaintiff VIZIO, INC., a California corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| VIZIO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>A PARENT MEDIA CO. INC., an Alberta, Canada corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-856<br><br>**COMPLAINT FOR:**<br><br>**1) BREACH OF CONTRACT; AND**<br>**2) COMMON COUNT – GOODS SOLD AND DELIVERED**<br><br>**DEMAND FOR JURY TRIAL** |

10556974.3

COMPLAINT

Plaintiff VIZIO, Inc., a California corporation ("Plaintiff"), submits this Complaint against Defendant A PARENT MEDIA CO. INC. ("APMC"), an Alberta, Canada corporation; and DOES 1-10, inclusive, and alleges herein as follows:

## COMMON ALLEGATIONS

1. Plaintiff is a California corporation with its principal place of business in Irvine, California, and is engaged generally in the business of consumer electronic sales and devices, such as smart televisions, displays and sound bars.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant APMC is an Alberta, Canada corporation which owns a streaming service named "Kidoodle.TV" with its principal place of business in Calgary, Alberta, Canada.

3. Plaintiff is ignorant of the true names and capacities of the defendants named herein as DOES 1 through 10, inclusive ("Doe Defendants") (collectively, with all other Defendants whether named, added by Doe Amendment or otherwise joined into the action shall hereinafter be referred to as "Defendants") and therefore names said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that the Doe Defendants are in some manner responsible to Plaintiff for the wrongful conduct and occurrences alleged herein. Plaintiff will amend its Complaint to allege the true names and capacities of any fictitiously named defendants once they have been ascertained.

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was acting as an agent, representative, servant, partner, or employee of each of the other Defendants and was acting in the course and scope of such agency, employment and representation. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants directed, authorized, affirmed, consented to, ratified, encouraged, approved, adopted, and/or participated in the acts or transactions of each or any of the other Defendants as alleged herein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action due to a diversity of citizenship pursuant to 28 U.S.C. § 1332 because at all times relevant hereto APMC was, and is, a corporation organized and existing under the laws of Alberta, Canada, and has its principal place of business in Calgary, Alberta, Canada, whereas Plaintiff is a California corporation with its principal place of business in Irvine, California. The amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth more fully below, Plaintiff and APMC entered into an Internet Applications Platform Agreement (the "IAPA"), effective March 31, 2020, which contains an exclusive venue and California choice of law clause. The IAPA provides, in Paragraph 14, in pertinent part, that (a) it "is to be governed and interpreted under the laws of California, without regard to conflicts of law," and (b) "[t]he exclusive jurisdiction and venue of any action with respect to this Agreement is the state courts of the State of California for Orange County or the United States District Court for the Central District of California." (the "Exclusive Venue and California Choice of Law Clause.")

6. Similarly, venue in the above-entitled Court is proper pursuant to the Exclusive Venue and California Choice of Law Clause. Further, venue in the above-entitled Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, namely the failure to pay monies due and owing to Plaintiff.

## FACTUAL ALLEGATIONS

7. As set forth above, Plaintiff and APMC entered into the IAPA. Under the terms of the IAPA, APMC made available to Plaintiff its applications and metadata feeds for use with Plaintiff's hardware and software products.

8. In addition, an Ad Inventory Addendum was attached to, and made part of, the IAPA ("Ad Addendum"). The Ad Addendum provides, among other things, that (a) APMC "will allocate the advertising as described below with respect to the

Application(s) governed by such agreement", (b) APMC and Plaintiff are to share in revenue generated from the advertising inventory in specified percentages and that "[e]ach party may retain [a specified percentage share] of the revenue generated from its share of the advertising inventory", (c) APMC "will evenly space programmatic ad requests using VIZIO's advertising tags", and (d) "VIZIO will provide ad tags to be placed in [APMC's] advertising inventory", while APMC "will ensure that it makes at least [a specific number of minutes] of advertising inventory available per hour, counting all programmatic ad requests and other ad inventory combined, whether or not allocated to VIZIO."

9. In conjunction with, and subject to, the IAPA, Plaintiff and APMC executed a series of five Insertion Orders ("IO"), or AVOD or Media Plan IOs, whereby APMC agreed to pay to Plaintiff specified sums of money in exchange for Plaintiff publishing APMC's advertisements on consumer electronic devices manufactured and sold by Plaintiff.

10. The first such IO, *i.e.,* the August 2020 AVOD IO was executed on or about August 11, 2020, the next January 2021 AVOD IO was orally agreed to in January 2021 and such oral agreement was ratified in writing on or about April 19, 2022, IO 1377 was then executed on or about June 23, 2021, the next July 2021 AVOD IO was executed on or about July 16, 2021, while the Media Plan IO was executed on or about November 1, 2021.

11. The August 2020 AVOD IO and January 2021 AVOD IO each provide, in pertinent part, (a) "Payment/Billing Terms:  'Net 30 days upon receipt of VIZIO's invoice . . .'", and (b) "Terms Governing this IO: This . . . . IO is subject to the Standard Terms and Conditions for Internet Advertising for Media Buys One Year or Less published by the Interactive Advertising Bureau and the American Association of Advertising Agencies (Version 3) . . . [APMC] and VIZIO agree to be bound by the Agreement.  Except as noted herein, no other terms or conditions apply to this IO.  In the event of a conflict, the declining order of precedence will be

the IO and the IAB Terms."

12. IO 1377 and the AVOD IO and Media Plan IO also each provide, in pertinent part, (a) "Payment/Billing Terms: 'Net 60 days upon receipt of VIZIO's invoice . . .'", and (b) "Terms Governing this IO: This . . . . IO is subject to the Standard Terms and Conditions for Internet Advertising for Media Buys One Year or Less published by the Interactive Advertising Bureau and the American Association of Advertising Agencies (Version 3) . . . as amended by the Amendment to IAB 3.0 Terms entered into by VIZIO and [APMC]. This IO is also subject to the platform, distribution or licensing agreement, as applicable, entered into by [APMC] and VIZIO . . . Except as noted herein, no other terms or conditions apply to this IO. In the event of a conflict, the declining order of precedence will be the IO, the Amendment, the platform agreement and the IAB Terms."

13. In conjunction with the IAPA as well as in connection with the August 2020 AVOD IO, Plaintiff issued five invoices to APMC which covered advertisements that APMC had published on consumer electronic devices manufactured and sold by Plaintiff. Invoice Nos. 1800000225, 1800000226, 1800000227, 1800000228, and 1800000229 were issued on August 31, 2020, September 30, 2020, October 31, 2020, November 30, 2020, and December 31, 2020, respectively. (collectively, the "August 2020 AVOD IO Invoices").

14. In conjunction with the IAPA as well as in connection with the January 2021 AVOD IO, Plaintiff issued six invoices to APMC which covered advertisements that APMC had published on consumer electronic devices manufactured and sold by Plaintiff. Invoice Nos. 1800000230, 1800000231, 1800000232, 1800000233, 1800000234, and 1800000235 were issued on January 31, 2021, February 28, 2021, March 31, 2021, April 30, 2021, May 31, 2021, and June 30, 2021, respectively. (collectively, the "January 2021 AVOD IO Invoices").

15. In conjunction with and subject to the IAPA as well as in connection with IO 1377, Plaintiff issued Invoice No. 1800001551 to APMC which covered

advertisements that APMC had published on consumer electronic devices manufactured and sold by Plaintiff.  Invoice No. 1800001551 was issued on July 31, 2021. (the "IO 1377 Invoice").

16.   In conjunction with the IAPA as well as in connection with the July 2021 AVOD IO, Plaintiff issued six invoices to APMC which covered advertisements that APMC had published on consumer electronic devices manufactured and sold by Plaintiff.  Invoice Nos. 1800000236, 1800000237, 1800000238, 1800000239, 1800000240, and 1800000241 were issued on July 31, 2021, August 31, 2021, September 30, 2021, October 31, 2021, November 30, 2021, and December 31, 2021, respectively. (collectively, the "July 2021 AVOD IO Invoices").

17.   In conjunction with and subject to the IAPA as well as in connection with the Media Plan IO, Plaintiff issued three invoices to APMC which covered advertisements that APMC had published on consumer electronic devices manufactured and sold by Plaintiff. Invoice Nos. 180002472, 1800002991, and 1800002992 were issued on October 31, 2021, November 30, 2021, and December 31, 2021, respectively. (collectively, the "Media Plan IO Invoices"). The total amount due under all of the invoices set forth above is in amount according to proof, but substantially in excess of the $75,000 jurisdictional limit of this Court, exclusive of interest and costs.

18.   None of these invoices have been paid, notwithstanding that between September 22, 2021 and March 2022, Plaintiff made numerous attempts in writing to collect the amounts due therein.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## (BREACH OF CONTRACT AGAINST ALL DEFENDANTS)

19.   VIZIO restates, realleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

///

20.     On or about August 11, 2020, Plaintiff and APMC executed the August 2020 AVOD IO.

21.     On or about January 2021, Plaintiff and APMC orally agreed to the January 2021 AVOD IO. Plaintiff and APMC's oral agreement was ratified in writing on or about April 19, 2022.

22.     On or about June 7, 2021, Plaintiff and APMC executed IO 1350.

23.     On or about July 16, 2021, Plaintiff and APMC executed the July 2021 AVOD IO.

24.     On or about November 1, 2021, Plaintiff and APMC executed the Media Plan IO.

25.     Pursuant to the IAPA as well as the August 2020 AVOD IO, the January 2021 AVOD IO, IO 1377, the July 2021 AVOD IO, and the Media Plan IO, APMC agreed to pay to Plaintiff specified sums of money in exchange for Plaintiff publishing APMC's advertisements on consumer electronic devices manufactured and sold by Plaintiff.

26.     As set forth above, none of the invoices that are the subject of this Complaint have been paid notwithstanding demand for same.

27.     Plaintiff has performed each of the obligations required under the IAPA as well as the August 2020 AVOD IO, the January 2021 AVOD IO, IO 1377, the July 2021 AVOD IO, and the Media Plan IO, except for those obligations that have been waived or which it has otherwise been excused from performing due to Defendants' breaches of the IAPA and the August 2020 AVOD IO, the January 2021 AVOD IO, IO 1377, the July 2021 AVOD IO, and the Media Plan IO.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants have breached the terms of the IAPA and the August 2020 AVOD IO, the January 2021 AVOD IO, IO 1377, the July 2021 AVOD IO, and the Media Plan IO by, among other things, failing to pay to Plaintiff the amounts set forth in all of these invoices when due.

29. As a direct and proximate result of Defendants' breaches as alleged herein, Plaintiff has suffered damage in a sum according to proof, but in excess of $3,000,000 , plus interest in accordance with applicable law.

### SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (COMMON COUNT – GOODS SOLD AND DELIVERED AGAINST ALL DEFENDANTS)

30. Plaintiff restates, realleges and incorporates paragraphs 1-29 as if fully set forth herein.

31. Per the IAPA as well as the August 2020 AVOD IO, the January 2021 AVOD IO, IO 1377, the July 2021 AVOD IO, and the Media Plan IO, Plaintiff diligently published APMC's advertisements on consumer electronic devices manufactured and sold by Plaintiff.

32. In return for such publishing, APMC agreed to pay to Plaintiff the amounts set forth in conjunction with the IAPA as well as in the August 2020 AVOD IO Invoices, January 2021 AVOD IO Invoices, IO 1377 Invoice, July 2021 AVOD IO Invoices, and Media Plan IO Invoices when due.

33. As a result thereof, APMC has become indebted to Plaintiff in a sum in an amount according to proof, but which is substantially in excess of the $75,000 jurisdictional limit of this Court. .

34. Plaintiff has demanded payment of the August 2020 AVOD IO Invoices, January 2021 AVOD IO Invoices, IO 1377 Invoice, July 2021 AVOD IO Invoices, and Media Plan IO Invoices in conjunction with the IAPA from APMC through the present date.

35. Defendants have failed and refused, and continue to fail and refuse, to pay the unpaid sum in an amount according to proof, but substantially in excess of the $75,000 jurisdictional limit of this Court, or any part thereof.

36. Plaintiff has thus suffered damages in an amount according to proof, but in excess of $3,000,000, plus interest in accordance with applicable law, and is

entitled to recover said sum from Defendants.

WHEREFORE, Plaintiff prays judgment for against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

(1) For damages to be proven at time of trial, but in excess of $3,000,000, with lawful interest thereon;

(2) Reasonable costs;

### SECOND CLAIM FOR RELIEF

(3) For damages to be proven at time of trial, but in excess of $3,000,000, with lawful interest thereon;

(4) Reasonable costs;

### ON ALL CLAIMS FOR RELIEF

(5) For costs of suit; and

(6) For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

DATED: April 22, 2022

ERVIN COHEN & JESSUP LLP
Robert M. Waxman
Banu S. Naraghi

By: /s/ Robert M. Waxman
Robert M. Waxman
Attorneys for Plaintiff VIZIO, INC., a California corporation

10556974.3

9
COMPLAINT