1 Thomas F. Nowland (SBN 236824)
Daniel A. Brodnax (SBN 266822)
Sarah K. O'Brien (SBN 299408)
2 **LAW OFFICES OF THOMAS F. NOWLAND**
20241 SW Birch Street, Suite 203
3 Newport Beach, California 92660
Tel: (949) 221-0005 ▪ Fax: (949) 221-0003
4
Attorneys for Defendant and Counterclaimant
5 A PARENT MEDIA CO. INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIZIO, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>A PARENT MEDIA CO. INC., an Alberta, Canada corporation; and DOES I through 10, inclusive,<br><br>Defendants. | Case No.: 8:22-cv-00856 CJC (JDEx)<br><br>**A PARENT MEDIA CO. INC.'S COUNTERCLAIMS FOR:**<br><br>1. **BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Served: April 29, 2022 |
| A PARENT MEDIA CO. INC., a Canadian corporation,<br><br>Counter-Claimant,<br><br>vs.<br><br>VIZIO, INC., a California corporation, and ROES 1-10 inclusive,<br><br>Counter-Defendants. | |

- 1 -

Counterclaimant A PARENT MEDIA CO. INC. brings this action against Counter-Defendant VIZIO, INC. ("Counter-Defendant") and alleges as follows:

1. Counterclaimant A PARENT MEDIA CO. INC. ("Counterclaimant") is now, and at all times mentioned in this Counterclaim was, a Canadian corporation with its principal place of business in Calgary, Alberta, Canada.

2. Upon information and belief, Counter-Defendant VIZIO, INC. ("Counter-Defendant") is now, and at all times mentioned in this Counterclaim was, a California Corporation with its principal place of business in Irvine, California.

3. Counterclaimant is unaware of the true names and capacities of the Counter-Defendants sued herein under the fictitious names ROES 1 through 10. When Counterclaimant becomes aware of the true names and capacities of the Counter-Defendants ROES 1 through 10, Counterclaimant will amend the Cross-Complaint to state their true names and capacities.

4. Upon information and belief, each Counter-Defendant sued herein is and at all times was the principal, agent, or employee of the other, and at all times was acting within the course and scope of such principal relationship, agency, or employment. Each Counter-Defendant sued herein received money and/or property without consideration as a result of the conduct described herein and with full knowledge of the resulting damage and harm to Counterclaimant and with full knowledge that the money and/or property was obtained as a result of the Negligence, Misrepresentation, and other wrongful and illegal conduct described herein.

5. Upon information and belief, a unity of interest exists between all Counter-Defendants sued herein such that each Counter-Defendant, although one or more may not have actually committed a statutory violation themselves, intended for the violations to be accomplished and shared with the immediate conspirators a common plan or design in its perpetration.

**Jurisdiction**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Counterclaimant and Counter-Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**Venue**

7. Venue is proper in this Court under 28 U.S.C. §§ 1391.

**Background**

8. Counterclaimant runs an online children's video-on-demand "Safe Streaming" service called Kidoodle.TV.

9. In or about 2019, Counterclaimant expanded its Kidoodle.TV application to Roku, Fire TV, and various smart televisions.

10. In conjunction with this expansion, Counterclaimant began discussions with Counter-Defendant regarding integration of Kidoodle.TV into VIZIO smart television environments.

**FIRST COUNTERCLAIM**

**BREACH OF CONTRACT**

(Against VIZIO, INC.)

(Against ROES 1 through 10)

11. Counterclaimant re-alleges and incorporates by reference paragraphs 1 through 10 above as though fully set forth herein.

12. On or about March 31, 2020, Counterclaimant and Counter-Defendant entered into a confidential Internet Applications Platform Agreement ("IAPA") for placement of the Kidoodle.TV application on VIZIO platforms. The IAPA included a Revenue Share Addendum and Ad Inventory Addendum (collectively, the "Agreement").

13. Pursuant to the Agreement, Counter-Defendant was to display Counterclaimant's HTML5 application developed for the display of content on VIZIO products, including internet-connected televisions running a VIZIO

1  platform. The parties were to share revenue based on percentages of subscription
2  fees as well as allocate advertising inventory revenue.

3  14.  Throughout 2021, the parties also entered into a series of Insertion
4  Order agreements whereby Counter-Defendant was to publish advertisements for
5  Kidoodle.TV on VIZIO televisions ("Insertion Orders"). Each Insertion Order had
6  a specified number of campaign days whereby in exchange for a budgeted amount,
7  Counterclaimant would receive a certain number of impressions for Kidoodle.TV,
8  i.e., a certain number of times users would see advertisements.

9  15.  Counterclaimant has fully performed all, or substantially all, of the
10 significant things that the Agreement and Insertion Orders required
11 Counterclaimant to do, or Counterclaimant was excused from having to do those
12 things by the actions of Counter-Defendant.

13 16.  Counter-Defendant breached the Agreement and Insertion Orders by
14 failing to properly load the application and failing to provide an infrastructure that
15 would support the agreed upon placement and advertising arrangements.

16 17.  As a direct and proximate result of Counter-Defendant's actions,
17 Counterclaimant has suffered damages in an amount to be proven at trial, in the
18 approximate amount of $2,000,000.00.

19 18.  WHEREFORE, Counterclaimant prays for judgment against Counter-
20 Defendants as more fully set forth below.

21 ///
22 ///
23 ///

## PRAYER FOR RELIEF

Counterclaimant PRAYS for judgment against Counter-Defendants, as follows:

1. For compensatory damages in the amount of $2,000,000.00;
2. For such other relief as the Court may deem just and proper.

Dated: June 3, 2022                    LAW OFFICES OF THOMAS F. NOWLAND

By:   */s/ Thomas F. Nowland*
Thomas F. Nowland, Esq.
Daniel A. Brodnax, Esq.
Sarah K. O'Brien, Esq.
Attorneys for Defendant A PARENT MEDIA CO. INC.

## DEMAND FOR JURY TRIAL

Counterclaimant demands a trial by jury.

Dated: June 3, 2022                    LAW OFFICES OF THOMAS F. NOWLAND

By:   */s/ Thomas F. Nowland*
Thomas F. Nowland, Esq.
Daniel A. Brodnax, Esq.
Sarah K. O'Brien, Esq.
Attorneys for Defendant A PARENT MEDIA CO. INC.

A PARENT MEDIA CO. INC'S COUNTERCLAIMS

## CERTIFICATE OF SERVICE

I certify that on June 3, 2022, I electronically filed the foregoing with the Clerk of the Court using the EM/ECF system, which then sends a notification to all participants.

*/s/ Thomas F. Nowland*
Thomas F. Nowland