Robert M. Waxman (SBN 89754)
  rwaxman@ecjlaw.com
Banu S. Naraghi (SBN 312754)
  bnaraghi@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for Plaintiff VIZIO, INC., a California corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| VIZIO, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>A PARENT MEDIA CO. INC., an Alberta, Canada corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 8:22-cv-856<br><br>**PLAINTIFF/COUNTER-DEFENDANT VIZIO INC.'S ANSWER TO A PARENT MEDIA CO. INC.'S COUNTERCLAIMS AGAINST COUNTER-DEFENDANT VIZIO, INC. FOR:**<br><br>**1. BREACH OF CONTRACT**<br><br>Action Filed:        April 22, 2022<br>Counterclaims Filed: June 3, 2022 |

Plaintiff/Counter-Defendant, VIZIO, Inc., a California corporation ("VIZIO"), for itself only, answers the Counterclaim for (1) Breach of Contract ("Counterclaim") filed by Defendant/Counter-Claimant A Parent Media Co. Inc. ("APMC"), as follows:

1. For its answer to Paragraph 1 of the Counterclaim, VIZIO admits the allegations thereof.

2. For its answer to Paragraph 1 of the Counterclaim, VIZIO admits the allegations of the Counterclaim.

3. For its answer to Paragraph 3 of the Counterclaim, VIZIO is without knowledge or information sufficient to form a belief as to the truth of said paragraph and thereon denies the same.

4. For its answer to Paragraph 4 of the Counterclaim, VIZIO is without knowledge or information sufficient to form a belief as to the truth of said paragraph and thereon denies the same.

5. For its answer to Paragraph 5 of the Counterclaim, VIZIO is without knowledge or information sufficient to form a belief as to the truth of said paragraph and thereon denies the same.

6. For its answer to Paragraph 6 of the Counterclaim, VIZIO admits that jurisdiction is proper.

7. For its answer to Paragraph 7 of the Counterclaim, VIZIO admits that venue is proper.

8. For its answer to Paragraph 8 of the Counterclaim, VIZIO admits that APMC runs a service called Kidoodle.TV; Vizio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and thereon denies the same.

9. For its answer to Paragraph 9 of the Counterclaim, VIZIO is without knowledge or information sufficient to form a belief as to the truth of said paragraph and thereon denies the same.

10. For its answer to Paragraph 10 of the Counterclaim, VIZIO admits that APMC began discussions with VIZIO regarding integration of Kidoodle.TV into VIZIO smart televisions; VIZIO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and thereon denies the same.

11. For its answer to Paragraph 11, VIZIO realleges the admissions, denials and averments made in response to Paragraphs 1-10 of the Counterclaim as though set forth in full hereat.

12. For its answer to Paragraph 12, VIZIO admits the allegations of that paragraph.

13. For its answer to Paragraph 13, VIZIO admits that the Internet Applications Agreement, the Revenue Share Addendum and the Ad Inventory Addendum speak for themselves; except as to expressly alleged herein, VIZIO is without knowledge or information to form a belief as to the truth of said paragraph and thereon denies the same.

14. For its answer to Paragraph 14, VIZIO admits that the parties entered into a series of Insertion Order agreements which speak for themselves; except as expressly alleged herein, VIZIO is without knowledge or information to form a belief as to the truth of said paragraph and thereon denies the same.

15. For its answer to Paragraph 15, VIZIO denies each and every allegation of said paragraph.

16. For its answer to Paragraph 16, VIZIO denies each and every allegation of said paragraph.

17. For its answer to Paragraph 17, VIZIO denies that APMC has suffered damages in any sum whatsoever as the proximate result of any acts or conduct of VIZIO; VIZIO further denies each and every allegation of said paragraph.

18. For its answer to Paragraph 18, VIZIO denies the allegations of said paragraph, including that APMC is entitled to any judgment against VIZIO.

## ANSWER TO PRAYER FOR RELIEF

For its answer to Paragraphs 1-2 of the Prayer for Relief, VIZIO denies that APMC is entitled to the relief sought in these paragraphs; VIZIO further denies that APMC is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE FACTS SUFFICIENT TO CONSTITUTE A CLAIM FOR RELIEF)

1. For its first separate and affirmative defense to the Counterclaim and each and every purported claim therein, VIZIO alleges that APMC fails to state facts sufficient to constitute claims for relief against VIZIO.

## SECOND AFFIRMATIVE DEFENSE
## (BREACH OF CONTRACT BY APMC)

2. VIZIO alleged that APMC materially breached the Internet Applications Platform Agreement, August 2020 AVOD Insertion Order, January 2021 AVOD Insertion Order, Insertion Order 1377, July 2021 AVOD Insertion Order, and Media Plan Insertion Order in paragraphs 19-29 of its Complaint filed in the within action on April 22, 2022 ("Complaint").

3. VIZIO incorporates these paragraphs 19-29 from its Complaint herein as though set forth in full herein.

4. For its second separate and affirmative defense to the Counterclaim and each and every purported claim therein, VIZIO is informed and believes, and thereon alleges, that APMC's material breaches of the Internet Applications Platform Agreement, August 2020 AVOD Insertion Order, January 2021 AVOD Insertion Order, Insertion Order 1377, July 2021 AVOD Insertion Order, and Media Plan Insertion Order excused any further performance on the part of VIZIO and APMC is barred from any relief or recovery against VIZIO by virtue of APMC's own breaches of the aforementioned agreements.

///

## THIRD AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS OF APMC)

5. VIZIO realleges and incorporates herein by reference paragraphs 2-4 from its Second Affirmative Defense.

6. For its third separate and affirmative defense to the Counterclaim and each and every purported claim therein, VIZIO alleges that by reason of the foregoing acts, conduct and unclean hands of APMC, it should be barred from any relief or recovery against VIZIO.

## FOURTH AFFIRMATIVE DEFENSE
## (ESTOPPEL OF APMC)

7. For its fourth separate and affirmative defense to the Counterclaim and each and every purported claim therein, VIZIO is informed and believes, and thereon alleges, that APMC is barred and estopped from any relief or recovery against VIZIO.

## FIFTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

8. For its fifth separate and affirmative defense to the Counterclaim and each and every purported claim therein, VIZIO is informed and believes, and thereon alleges, that APMC is barred from claiming any injury or damage because it and other persons/entities affiliated with it caused all injury or damage and APMC as well as each of them have failed to reasonably and properly mitigate APMC's purported damages, if any, and APMC is therefore, precluded from obtaining the relief sought, or any relief.

## SIXTH AFFIRMATIVE DEFENSE
## (DISCHARGE)

9. For its sixth separate and affirmative defense to the Counterclaim and each and every purported claim therein, VIZIO is informed and believes, and thereon alleges, that its obligations, if any, to APMC were discharged in whole or in

part.

## SEVENTH AFFIRMATIVE DEFENSE
### (SUBSTANTIAL PERFORMANCE)

10. For its seventh separate and affirmative defense to the Counterclaim and each and every purported claim therein, VIZIO is informed and believes, and thereon alleges, that its obligations to APMC were fully or substantially performed.

## EIGHTH AFFIRMATIVE DEFENSE
### (PERFORMANCE EXCUSED)

11. For its eighth separate and affirmative defense to the Counterclaim and each and every purported claim therein, VIZIO is informed and believes, and thereon alleges, that its obligations, if any, to APMC were excused in whole or in part.

## NINTH AFFIRMATIVE DEFENSE
### (WAIVER)

12. For its ninth separate and affirmative defense to the Counterclaim and each and every purported claim therein, VIZIO is informed and believes, and thereon alleges, that APMC waived any and all alleged counterclaims asserted by it against VIZIO.

## TENTH AFFIRMATIVE DEFENSE
### (NEGLIGENCE OF APMC)

13. For its tenth separate and affirmative defense to the Counterclaim and each and every purported claim therein, VIZIO is informed and believes, and thereon alleges, that APMC's negligence contributed to the purported damages sought in the Counterclaim and that such damages, if any, should therefore be reduced accordingly, on the basis of comparative negligence or fault.

/ / /

/ / /

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE
## (SUPERSEDING EVENTS)

14. For its eleventh separate and affirmative defense to the Counterclaim and each and every purported claim therein, VIZIO is informed and believes, and thereon alleges, that APMC's alleged injuries or damages, if any, were proximately caused, wholly or in part, by supervening events or the acts, omissions, negligence, neglect or other wrongful acts of parties, persons, entities or corporations other than VIZIO, and APMC's recovery against VIZIO, if any, must be reduced by such supervening events or activities of such other parties, persons, entities or corporations.

## TWELFTH AFFIRMATIVE DEFENSE
## (OFFSET)

15. VIZIO has set forth claims for relief against APMC and others in its Complaint. VIZIO is informed and believes, and thereon alleges, that to the extent (if any) that APMC is awarded any purported damages by virtue of its Counterclaim, such amount should be decreased by the relief granted to VIZIO in conjunction with its Complaint.

WHEREFORE, VIZIO prays for judgment against APMC on its Counterclaim as follows:

1. That APMC take nothing by way of its Counterclaim;

2. For costs of suit incurred herein as well as reasonable attorneys' fees; and

3. For such other and further relief as this Court deems just and proper.

| | |
|---|---|
| DATED: June 22, 2022 | ERVIN COHEN & JESSUP LLP<br>Robert M. Waxman<br>Banu S. Naraghi<br><br>By:  /s/ Robert M. Waxman<br>Robert M. Waxman<br>Attorneys for Plaintiff VIZIO, INC., a California corporation |